CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SAUNDERS FRANKLIN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:23-cv-00481 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| NURSE JONES, ) | By:  Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Saunders Franklin ("Plaintiff"), a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he was denied adequate medical treatment in violation of his constitutional rights while detained at the Lynchburg Adult Detention Center. The matter is before the court on Defendant Nurse Teresa Jones's ("Defendant") motion to dismiss. The parties briefed the motion, and it is ripe for disposition.[1] Having reviewed the pleadings, the court will grant Defendant's motion and dismiss the claim against her.

**I.**

Plaintiff's amended complaint[2] alleges that Defendant denied him adequate medical treatment while he was detained at Lynchburg Adult Detention Center. (Am. Compl. ¶ B [ECF No. 14].) Specifically, Plaintiff alleges that Defendant denied him the right to see a doctor and

---

[1] Plaintiff filed his original complaint on August 3, 2023. (ECF No. 1.) In accordance with the court's order, Plaintiff filed an amended complaint on January 8, 2024. (ECF No. 14.) Defendant subsequently filed a motion to dismiss and supporting brief on April 4, 2024. (ECF Nos. 24–25.) Plaintiff responded to Defendant's motion to dismiss on May 2, 2024. (ECF No. 33.)

[2] Plaintiff's original complaint is inoperative because "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001), *abrogated on other grounds as recognized by Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023).

did not allow him to "come to sick call on about 20 occasions." (*Id.* ¶ E(1).) Further, Plaintiff alleges that Defendant came to his cell and told him that she would give him "some[thing] for pain" if he stopped filing complaints.[3] (*Id.*)

Plaintiff also alleges that he had to argue for five months to get x-rays of his hand at Western State Hospital because Defendant "would not do her job." (*Id.* at ¶ E(2).) Plaintiff claims that Western State Hospital is also working with Defendant, though it is unclear in what capacity. (*Id.*) While Plaintiff references his hand, he does not allege that he was suffering from a medical condition or any injury. (*See generally* Am. Compl.)

As relief, Plaintiff seeks $10,000 and Defendant's termination from her position as Head Nurse at Lynchburg Adult Detention Center. (Mot. Am. Am. Compl. ¶ 2 [EC. No. 30].)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See, e.g.*, *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions disguised as factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

---

[3] In his amended complaint, Plaintiff does not complain about not receiving pain medication from Defendant.

- 2 -

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 566 U.S. at 678.

To allow for development of a potentially meritorious claim, federal courts are obliged to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Further, "liberal construction of pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (emphasis added) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978)) "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Interpreting Plaintiff's amended complaint liberally, as the court is required to do for *pro se* litigants, the court infers that Plaintiff asserts a claim of deliberate indifference to Plaintiff's medical needs under 42 U.S.C. § 1983. Section 1983 authorizes a citizen to bring a civil action for deprivation of their "rights, privileges, or immunities secured by the

Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

As a preliminary matter, the court infers that Plaintiff was a pretrial detainee when the alleged conduct occurred because he was being held at the Lynchburg Adult Detention Center. (Am. Compl. ¶ B.) Thus, it will consider Plaintiff's allegations under the Fourteenth Amendment's due process guarantee. *See, e.g.*, *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (explaining that the Fourteenth Amendment, and not the Eighth Amendment, governs the medical indifference claims of pretrial detainees). The Fourteenth Amendment guarantees a pretrial detainee "adequate medical care and freedom from deliberate indifference to his serious medical needs." *Tarashuk v. Givens*, 53 F.4th 154, 163 (4th Cir. 2022); *see also Mays v. Sprinkle*, 992 F.3d 295, 301 (4th Cir. 2021) (stating that deliberate indifference to medical needs amounts to punishment that violates the Due Process Clause). Courts must apply an objective test in evaluating a detainee's excessive force claim under the Fourteenth Amendment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). And the Fourth Circuit has extended *Kingsley*'s objective standard to deliberate indifference claims brought under the Fourteenth Amendment. *See Short v. Hartman*, 87 F.4th 593, 611 (4th Cir. 2023), *cert. denied* 144 S. Ct. 2631 (2024).

To state a Fourteenth Amendment claim for deliberate indifference to serious medical needs, a pretrial detainee must plead that:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Id.* (citations omitted). Because the test is an objective one, the plaintiff need not "show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." *Id.* Nonetheless, allegations of mere negligence are "not enough." *Id.* at 611–12.

Here, Plaintiff has not stated a valid claim for deliberate indifference because he did not allege facts establishing that he was suffering from a "a medical condition or injury that posed a substantial risk of serious harm"—the first *Short* requirement. *Id.* at 611. "A condition is objectively serious if it is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* at 612 (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)) (outlining the objective element of the Eighth Amendment test for deliberate indifference); *see Yanez v. Walker*, No. 5:24-cv-00025, 204 WL 5190040, at *5 (W.D. Va. Dec. 20, 2024) (applying the element to the Fourteenth Amendment objective analysis); *Hensley v. Wellpath, LLC*, No. 4:24-cv-cv00014, 2024 WL 3671298, at *4 (W.D. Va. Aug. 6, 2024) (same).

Plaintiff alleges that Defendant denied him treatment for his hand and delayed x-rays of his hand, but he does not allege that his hand was injured, let alone to what extent, or that he was suffering from any other condition that required immediate medical attention. (*See generally* Am. Compl. ¶ E.) Even if bruising or swelling was alleged—and Plaintiff did not make

- 5 -

any such allegations—these types of injuries typically do not constitute needs that pose a substantial risk of serious harm. *See, e.g.*, *Stewart v. Wang*, No. 7:17-cv-00299, 2020 WL 4209059, at *3 (W.D. Va. July 22, 2020) (concluding that a "stiff, swollen, and even painful" or broken finger does not constitute a serious medical need); *Alexander v. Parks*, No. 7:17-cv-00524, 2019 WL 346426, at *4 (W.D. Va. Jan. 28, 2019) (same with regards to a swollen hand, minor abrasions, and a red spot on the plaintiff's head); *Taylor v. S. Cent. Reg'l Jail*, No. 2:20-cv-00027, 2022 WL 17097755, at *3 (S.D.W. Va. Oct. 12, 2022) (same with regards to a bloody mouth, scratches, and facial swelling); *Feather-Gorbey v. U.S. Att'y Gen.*, No. 5:21-00593, 2021 WL 8202580, at *3 n.4 (W. Va. Nov. 24, 2021) (collecting similar cases). Further, Plaintiff's Amended Complaint contains no other "facts from which the court could reasonably infer that [Plaintiff] 'had a medical condition or injury that posed a substantial risk of serious harm.'" *Justice v. Greer*, No. 7:24-cv-00248, 2024 WL 3747197, at *2 (W.D. Va. Aug. 9, 2024) (quoting *Short*, 87 F.4th at 611) (dismissing a claim for medical indifference that "did not describe the medical condition for which [the plaintiff] sought treatment"). Given this factual deficiency, the court need not consider any of the other factors of the deliberate indifference analysis that the Fourth Circuit clarified in *Short*. *Short*, 87 F.4th at 611.

## IV.

For the reasons stated, the court will grant the Defendant's motion to dismiss and dismiss this case *without prejudice*.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 7th day of March, 2025.

                                                 */s/ Thomas T. Cullen*
                                                 HON. THOMAS T. CULLEN
                                                 UNITED STATES DISTRICT JUDGE